IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD W. BROWDY,

                                                            Case No.: 8:18-cv-79-T-17TBM

      Plaintiff,

v.

SYNOVOS, INC.

      Defendant.
_____/

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff, Ronald W. Browdy (hereafter "Plaintiff" or "Mr. Browdy"), by and through the undersigned counsel, and files this Amended Complaint for damages against Defendant, Synovos, Inc. (hereafter "Defendant" or Synovos"), and respectfully shows this Court as follows:

## NATURE OF COMPLAINT

1. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory relief, liquidated and actual damages for Defendant's unlawful employment practices on the basis of race in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000e. *et seq.* (hereafter "Title VII"), as amended by the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

5. Defendant operates a portion of their business within the Middle District of Florida. The unlawful employment practices alleged in this Complaint were committed within this District in the State of Florida.

6. Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 2000(e) – 5(f), venue is appropriate in this Court.

## PARTIES

7. Plaintiff, Ronald W. Browdy, is a black male residing in Hernando County, Florida, which is part of the Middle District of Florida.

8. Defendant, Synovos, Inc. is qualified and licensed to do business in the State of Florida, and at all times material hereto has conducted business within this District.

9. Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

10. The EEOC issued a "Notice of Right to Sue" on October 19, 2017, entitling an action to be commenced within ninety (90) days of receipt of that notice.

11. This action has been commenced within ninety (90) days of Plaintiff's receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

12. Plaintiff has been employed by Synovos since May of 2012.

13. At all times within this Complaint, all discriminatory actions alleged took place while Plaintiff held the position of Implementation Team Manager.

14. Plaintiff was promoted to the position of Implementation Team Manager in December of 2013. At the time of promotion, his supervisor was senior director of planning and integration, Ms. Diane Caldwell, a white female.

15. In February of 2016, Ms. Caldwell transferred to a different department was replaced by operations director, Mr. William Smith, a white male.

16. In April of 2016, the Implementation Team was given a new job description, that of a Rapid Launch Team Member. The new rapid launch job description had all the same team staff reporting directing to Mr. Smith.

17. On May 3, 2016, Mr. Smith informed the team that all team staff would temporarily report to him and that a position for a rapid team manager would be posted.

18. Plaintiff was effectively demoted from a manager position to a team member position and told that he could re-apply for the management position.

19. Plaintiff was even informed to remove the title of "manager" from his email signature block.

20. On November 21, 2016, Human Resources posted two remote Rapid Launch Team Manager job vacancies.

21. Plaintiff's former position of Implementation Team Manage mirrored the job description of the Rapid Launch Team Manager positions.

22. Plaintiff met all the job description qualifications for the Rapid Launch Team Manager position as he satisfactorily performed as an implementation team manager for over three years with no disciplinary issues.

23. On December 5, 2016, Plaintiff applied for the aforementioned position through the Synovos Human Resource internal email job alert system.

24. On the same day, December 5, 2016, Plaintiff was contacted by Human Resources, following Human Resources speaking with his manager, Mr. Smith, the Plaintiff was offered a new position, Site Manager I. However, this new position was cause Plaintiff to relocate.

25. The Site Manager I position was also a lower level of pay grade than the implementation team manager and rapid launch team manager positions.

26. Plaintiff had never before been contacted by Human Resources regarding open positions.

27. In March of 2017, Mr. Smith conducted Plaintiff's annual performance review and indicated that Plaintiff had a successful year and received praise from his clients and internal project leaders. Plaintiff was also informed by Mr. Smith that he would play a key role moving forward with the team.

28. On June 19, 2017, Plaintiff learned that he was not selected for either of the Rapid Launch Team Manager positions.

29. Mr. Smith promoted Matt Ross, a white male and former lead and Maria Ackerman, a Hispanic female, a former site manager II for the Rapid Launch Team Manager positions.

30. Plaintiff was excluded by Mr. Smith from the Rapid Lauch Team Manager selection process due to his race.

31. The two selected, non-black rapid team managers were not subjected to an in-job evaluation of their capabilities before being assigned team manager responsibilities.

32. Matt Ross and Maria Ackerman were assigned duties that had previously been assigned to Plaintiff as Implementation Team Manager.

33. Plaintiff's job responsibilities, such as managing subordinates, evaluating their performance, pay, expenses, training and discipline were all assigned to the two rapid launch managers.

34. As of June 19, 2017, Plaintiff was the only black employee within the rapid launch department who was not interviewed or tested during the several months of the selection process for the rapid launch team manager position.

35. As of June 19, 2017, Plaintiff was given a demotion and was placed in a lower rank position than the rapid launch team managers.

36. Plaintiff has twenty plus years of work experience in the related field of inventory, purchasing, warehouse and project managements as a direct manager.

37. Matt Ross' prior positions with Synovos were as an attendant, product associate and implementation lead. He did not meet the three years supervisor requirement for the original rapid team manager job posting, yet, was promoted anyway.

38. Maria Ackerman's prior positions with Synovos were as operation site manager positions in the operations department.

39. Plaintiff was more qualified for the Rapid Launch Team Manager positions than either of the managers selected. It is clear that race was the deciding factor in why he was not chosen for the position.

40. In 2016, the Implementation Department simply had its name changed to the Rapid Launch Department. Job descriptions did not change.

41. Plaintiff was already in the position of Manager but was demoted and replaced by two non-black employees for a position that he was already performing.

42. The non-black employees within the two departments were either allowed to transfer or retained their prior promotions without jobs being posted.

43. As a result of Defendant's discriminatory employment practices, Plaintiff has suffered and continues to suffer damages.

## **COUNT I – TITLE VII – RACE**

44. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 43 of the Complaint as if fully alleged herein.

45. Defendant has engaged in intentional race discrimination in the terms and conditions of Plaintiff's employment, including, but not limited to Plaintiff's demotion.

46. Defendant's conduct violates Title VII.

47. The Plaintiff has satisfied all statutory pre-requisites for the filing of this action.

48. Defendant's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits and prestige.

49. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

50. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federal protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a.

51. As a consequence of Defendant's discriminatory conduct, the Plaintiff was denied promotions, denied transfers, unlawfully demoted, unfairly singled out and embarrassed, suffered mental stress and anguish, and had his professional reputation and career opportunities for further advancements damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment as follows:

1. That the Court order Defendant to reinstate Plaintiff into his position as a Manager;
2. That the Court grant full front pay to the Plaintiff.
3. That the Court grant full back pay to the Plaintiff.
4. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendant's conduct;
5. That the Court grant Plaintiff punitive damages for Defendant's malicious and reckless indifference conduct;
6. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated against;
7. That the Court grant Plaintiff expenses of Litigation, including reasonable attorneys' fees, pursuant to Title VII, and/or 42 U.S.C. § 1988;
8. That the Court grant Plaintiff a jury trial;
9. That the Court grant Plaintiff all other relief the Court deems just and proper; and,
10. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct.

Respectfully submitted this 2nd day of March, 2018.

                                                   _/s/ *Erik De L'Etoile*_____
                                                   Erik De L'Etoile, Esq.
                                                   Attorney for Plaintiff
                                                   Florida Bar No. 71675
                                                   De L'Etoile Law Firm, P.A.
                                                   (813) 563-5025
                                                   Erik@deletoilelaw.com
                                                   www.deletoilelaw.com

### **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Daniel K. Miles, Esq.
dmiles@fordharrison.com
taidman@fordharrison.com
FORDHARRISON LLP
101 E. Kennedy Blvd. Ste. 900
Tampa, FL. 33602
