UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD W. BROWDY,

    Plaintiff,

v.

    Case No.: 8:18-cv-79-T-17TBM

SYNOVOS, INC.,

    Defendant.
_____/

## ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Synovos, Inc. ("Defendant"), by and through its undersigned counsel, hereby submits its Answer and Defenses to the Amended Complaint filed by Plaintiff Ronald W. Browdy ("Plaintiff").

Responding to the specifically numbered paragraphs of Plaintiff's Amended Complaint,[1] and using the same numbered paragraphs and headings that appear therein, Defendant states as follows:

## NATURE OF COMPLAINT

1. In response to Paragraph No. 1 of Plaintiff's Amended Complaint, Defendant acknowledges that Plaintiff has brought this action to obtain relief for alleged unlawful employment practices, but denies that any unlawful employment practices occurred and denies that Plaintiff is entitled to any relief.

2. In response to Paragraph No. 2 of Plaintiff's Amended Complaint, Defendant acknowledges that Plaintiff brings this action seeking damages for alleged unlawful employment

---

[1] In regard to Plaintiff's unnumbered paragraph found under the "Complaint" heading, Defendant acknowledge that Plaintiff filed his Amended Complaint seeking damages, but denies that any unlawful practices occurred and denies that Plaintiff is entitled to any relief.

practices on the basis of race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), but denies that any such unlawful employment practices occurred and denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

3. In response to Paragraph No. 3 of Plaintiff's Amended Complaint, Defendant admits that this Court has jurisdiction over this matter, but denies that Defendant is liable to Plaintiff and denies that Plaintiff is entitled to any relief.

4. In response to Paragraph No. 4 of Plaintiff's Amended Complaint, Defendant admits only that it is subject to the provisions of Title VII.

5. In response to Paragraph No. 5 of Plaintiff's Amended Complaint, Defendant admits only that it conducts business in Florida, including within the Middle District of Florida, but denies that any alleged unlawful employment practices occurred and denies that Plaintiff is entitled to any relief.

6. In response to Paragraph No. 6 of Plaintiff's Amended Complaint, Defendant admits only that venue is proper in this Court, but denies that Defendant is liable to Plaintiff and denies that Plaintiff is entitled to any relief.

## PARTIES

7. In response to Paragraph No. 7 of Plaintiff's Amended Complaint, Defendant admits only that Plaintiff is a black male. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's current residence and, therefore, denies the remaining allegations in Paragraph No. 7 of Plaintiff's Amended Complaint.

8. Defendant admits the allegations in Paragraph No. 8 of Plaintiff's Amended Complaint.

9. In response to Paragraph No. 9 of Plaintiff's Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations and, therefore, denies the allegations in Paragraph No. 9 of Plaintiff's Amended Complaint..

10. In response to Paragraph No. 10 of Plaintiff's Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations and, therefore, denies the allegations in Paragraph No. 10 of Plaintiff's Amended Complaint.

11. In response to Paragraph No. 11 of Plaintiff's Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations and, therefore, denies the allegations in Paragraph No. 11 of Plaintiff's Amended Complaint.

**FACTUAL ALLEGATIONS**

12. Defendant admits the allegations in Paragraph No. 12 of Plaintiff's Amended Complaint.

13. In response to Paragraph No. 13 of Plaintiff's Amended Complaint, Defendant admits only that Plaintiff held the position of Implementation Team Manager from December 28, 2013 until April 2016, but specifically denies that any alleged discriminatory actions took place during this time or at any time during Plaintiff's employment.

14. Defendant admits the allegations in Paragraph No. 14 of Plaintiff's Amended Complaint.

15. Defendant admits the allegations in Paragraph No. 15 of Plaintiff's Amended Complaint.

16. In response to Paragraph No. 16 of Plaintiff's Amended Complaint, Defendant admits only that, upon its creation, the Rapid Launch Team initially reported directly to William

Smith. Defendant denies all remaining allegations in Paragraph No. 16 of Plaintiff's Amended Complaint.

17. In response to Paragraph No. 17 of Plaintiff's Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to what Mr. Smith "informed the team" on May 3, 2016 and, therefore, denies the allegations in Paragraph No. 17 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations in Paragraph No. 18 of Plaintiff's Amended Complaint.

19. In response to Paragraph No. 19 of Plaintiff's Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff was informed to remove any titles from his e-mail signature and, therefore, denies the allegations in Paragraph No. 19 of Plaintiff's Amended Complaint.

20. In response to Paragraph No. 20 of Plaintiff's Amended Complaint, Defendant admits that employees were notified on November 28, 2016, that two Rapid Launch Team Manager positions were available.

21. Defendant denies the allegations in Paragraph No. 21 of Plaintiff's Amended Complaint.

22. Defendant denies the allegations in Paragraph No. 22 of Plaintiff's Amended Complaint.

23. In response to Paragraph No. 23 of Plaintiff's Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff applied for "the aforementioned position" and/or whether such application was through the "Synovos Human

Resource internal email job alert system" and, therefore, denies the allegations in Paragraph No. 23 of Plaintiff's Amended Complaint.

24. In response to Paragraph No. 24 of Plaintiff's Complaint, Defendant admits only that Plaintiff was contacted by Human Resources to determine his interest in an open position as a Site Manager I. Defendant denies that Plaintiff was ever offered a position. Defendant is without knowledge or information sufficient to form a belief as to whether the position "was cause" Plaintiff to relocate and, thus, denies that and any remaining allegations in Paragraph No. 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations in Paragraph No. 25 of Plaintiff's Amended Complaint.

26. In response to Paragraph No. 26 of Plaintiff's Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff had ever been contacted by Human Resources regarding open positions and, therefore, denies the allegations in Paragraph No. 26 of Plaintiff's Amended Complaint.

27. In response to Paragraph No. 27 of Plaintiff's Amended Complaint, Defendant admits only that in Plaintiff's 2016 Reflection and 2017 Partnership Agreement, William Smith wrote that Plaintiff had a successful 2016 and had received praise for a particular project, and stated that Plaintiff would provide key support in building a great team and understanding processes. Defendant denies any remaining allegations in Paragraph No. 27 of Plaintiff's Amended Complaint.

28. In response to Paragraph No. 28 of Plaintiff's Amended Complaint, Defendant admits only that Plaintiff was not selected as a Rapid Launch Team Manager. Defendant lacks

knowledge or information sufficient to form a belief as to when Plaintiff first learned he had not been selected for the position and, therefore, denies that allegation.

29. In response to Paragraph No. 29 of Plaintiff's Amended Complaint, Defendant admits only that Matt Ross and Maria Ackerman were selected to fill the Rapid Launch Team Manager Positions. Defendant denies all remaining allegations in Paragraph No. 29 of Plaintiff's Amended Complaint.

30. Defendant denies the allegations in Paragraph No. 30 of Plaintiff's Amended Complaint.

31. In response to Paragraph No. 31 of Plaintiff's Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to what constitutes "in-job review" and, therefore, denies the allegations.

32. Defendant admits the allegations in Paragraph No. 32 of Plaintiff's Amended Complaint.

33. In response to Paragraph No. 33 of Plaintiff's Amended Complaint, Defendant admits only that Rapid Launch Team Managers have various responsibilities which include managing subordinates, evaluating performance, pay, expenses, training and discipline. Defendant denies all remaining allegations in Paragraph No. 33 of Plaintiff's Amended Complaint.

34. In response to Paragraph No. 34 of Plaintiff's Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff was "interviewed or tested" during the months prior to the selection of rapid launch team managers and, therefore, denies the allegations in Paragraph No. 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in Paragraph No. 35 of Plaintiff's Amended Complaint.

36. In response to Paragraph No. 36 of Plaintiff's Amended Complaint, Defendant lacks knowledge or information's sufficient to form a belief as to Plaintiff's previous areas of work experience or prior positions and, therefore, denies the allegations.

37. In response to Paragraph No. 37 of Plaintiff's Amended Complaint, Defendant admits only that Matt Ross previously held positions as a Lead Attendant, Implementation Associate, and Implementation Team Lead prior to being selected as a Rapid Launch Team Manager. Defendant denies all remaining allegations in Paragraph No. 37 of Plaintiff's Amended Complaint.

38. Defendant admits the allegations in Paragraph No. 38 of Plaintiff's Amended Complaint.

39. Defendant denies the allegations in Paragraph No. 39 of Plaintiff's Amended Complaint.

40. Defendant denies the allegations in Paragraph No. 40 of Plaintiff's Amended Complaint.

41. In response to Paragraph No. 41 of Plaintiff's Amended Complaint, Defendant admits only that Plaintiff previously held the position of Implementation Team Manager. Defendant denies that Plaintiff was demoted and/or replaced and denies any remaining allegations in Paragraph No. 41 of Plaintiff's Amended Complaint.

42. In response to Paragraph No. 42 of Plaintiff's Amended Complaint, Defendant admits only that at the time the Rapid Launch Team was implemented, several members of the previous Implementation Team elected to transition to different teams and/or departments within

the Company.  Defendant denies any remaining allegations in Paragraph No. 42 of Plaintiff's Amended Complaint.

43. In response to Paragraph No. 43 of Plaintiff's Amended Complaint, Defendant denies that any alleged discriminatory employment practices occurred and denies the Plaintiff is entitled to any relief.  Defendant further denies all remaining allegations in Paragraph No. 43 of Plaintiff's Amended Complaint.

### COUNT I – TITLE VII – ALLEGED RACE

44. Defendant reasserts and incorporates its answers to Paragraphs 1-43 of Plaintiff's Amended Complaint as stated above.

45. Defendant denies the allegations in Paragraph No. 45 of Plaintiff's Amended Complaint.

46. Defendant denies the allegations in Paragraph No. 46 of Plaintiff's Amended Complaint.

47. Paragraph No. 47 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph No. 47 of Plaintiff's Amended Complaint.

48. In response to Paragraph No. 48 of Plaintiff's Amended Complaint, Defendant specifically denies that any discriminatory conduct occurred and denies that Plaintiff is entitled to any relief.  Defendant further denies all remaining allegations in Paragraph No. 48 of Plaintiff's Amended Complaint.

49. Defendant denies the allegations in Paragraph No. 49 of Plaintiff's Amended Complaint.

50. In response to Paragraph No. 50 of Plaintiff's Amended Complaint, Defendant specifically denies that it engaged in any discriminatory practices and denies that Plaintiff is entitled to any relief. Defendant further denies all remaining allegations in Paragraph No. 50 of Plaintiff's Amended Complaint.

51. In response to Paragraph No. 51 of Plaintiff's Amended Complaint, Defendant specifically denies that it engaged in any discriminatory conduct and denies the Plaintiff is entitled to any relief. Defendant further denies all remaining allegations in Paragraph No. 51 of Plaintiff's Amended Complaint.

**PRAYER FOR RELIEF**

In response to the unnumbered WHEREFORE clause in Plaintiff's Amended Complaint, Defendant denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to any relief. Defendant further denies any remaining allegations, whether express or implied, in the unnumbered WHEREFORE paragraph in Plaintiff's Amended Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant is continuing to investigate Plaintiff's allegations, therefore, Defendant reserves the right to amend its Answer and Defenses.

**FIRST DEFENSE**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

All employment actions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory and reasonable business reasons completely unrelated to Plaintiff's race and, therefore, Defendant is not liable to Plaintiff.

## THIRD DEFENSE

Defendant denies that it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative, and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiff's claims are barred, in whole or in part, because his own acts or omissions caused or contributed to any alleged losses or injuries.

## FOURTH DEFENSE

Defendant denies that any mixed-motive analysis applies in this case and denies that Defendant committed any unlawful actions or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, in the unlikely event a jury could find that Defendant's conduct was motivated by race discrimination (which is denied), Defendant would have taken the same employment actions against Plaintiff even in the absence of the alleged impermissible motivating factor.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust his administrative remedies.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the Charge of Discrimination he filed with the EEOC.

**SEVENTH DEFENSE**

All claims which were not the subject of a timely Charge of Discrimination filed with the EEOC, or other federal, state, or local fair employment agencies, and each claim which did not accrue within the time frame proscribed by Title VII, or any other applicable limitations period, is barred.

**EIGHTH DEFENSE**

Defendant denies that it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Defendant has made good faith efforts, through its adoption of anti-discrimination policies, and education of its personnel, to comply with the employment discrimination laws and, therefore, no liquidated or punitive damages may be awarded.

**NINTH DEFENSE**

Defendant denies that it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Defendant is not liable for punitive damages under Title VII because Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's protected rights, or approved, authorized, or ratified, or had any actual knowledge of any such acts.

## TENTH DEFENSE

Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence and/or unclean hands.

## ELEVENTH DEFENSE

Defendant is entitled to an award of its attorney's fees and costs associated with the defense of this action in accordance with the Supreme Court's ruling in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1973).

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional affirmative and other defenses and matters in avoidance that may be revealed through additional investigation and discovery.

WHEREFORE, having fully answered and responded to each one of the allegations set forth in Plaintiff's Amended Complaint, Defendant respectfully request:

a. Plaintiff's claims be stricken or dismissed with prejudice in their entirety;

b. Each and every prayer for relief in Plaintiff's Amended Complaint be denied;

c. Judgment be entered in favor of Defendant;

d. All costs incurred by Defendant in this action be awarded to Defendant as the prevailing party;

e. All reasonable attorneys' fees incurred by Defendant in this action be awarded to them for, among other reasons, Plaintiff commencing and litigating this action without substantial factual or legal support; and

f. That Defendant be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

FORDHARRISON LLP

By: /s/ Daniel K. Miles
    Todd A. Aidman
    Florida Bar No. 173029
    taidman@fordharrison.com
    Daniel K. Miles
    Florida Bar No. 119930
    dmiles@fordharrison.com
    101 E. Kennedy Boulevard, Suite 900
    Tampa, Florida 33602
    Telephone: (813) 261-7800
    Facsimile: (813) 261-7899

Attorneys for Defendant Synovos, Inc.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 22, 2018, I filed the foregoing using the CM/ECF system, which will automatically send electronic notice to the following:

Erik De L'Etoile, Esq.
Erik@deletoilelaw.com
De L'Etoile Law Firm, P.A.
10150 Highland Manor Dr., Suite 200-058
Tampa, FL 33610

    /s/ Daniel K. Miles
    Daniel K. Miles

WSACTIVELLP:9701242.1

13