UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD W. BROWDY,

    Plaintiff,

v.                                                                           Case No. 8:18-cv-79-T-17CPT

SYNOVOS, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause is before me on referral for consideration of Synovos, Inc.'s (Synovos's) *Verified Motion of Defendant to Tax Costs*. (Doc. 41). Plaintiff Ronald Browdy opposes the motion. (Doc. 43). For the reasons discussed below, I respectfully recommend that Synovos's motion for costs be granted in part and denied in part.

I.

The background of this employment discrimination case is set forth in a recent decision of the Court (Doc. 39) and therefore need only be summarized here. Synovos provides inventory control solutions to its customers and hired Browdy, a black male, in 2012 to serve on its Implementation Team. *Id*. at 1; (Doc. 11 at 2). Roughly eighteen months later, Browdy was promoted to Implementation Team manager and placed in charge of four employees. *Id*.

In late 2015 or early 2016, as part of a restructuring, Synovos eliminated the Implementation Team and created a Rapid Launch Team (RLT). *Id*. at 2. As a consequence, all members of the Implementation Team, including Browdy, were made part of the RLT and converted to the position of RLT member. *Id*. Browdy was the only RLT member who was a manager prior to the restructuring. *Id*. Because this conversion stripped him of his supervisory responsibilities, he viewed it as a demotion. *Id*. at 2-3.

In late 2016, Synovos posted two openings for the position of RLT manager and hired an outside consultant, Danielle White, to compile a short list of candidates. *Id*. at 3. Although Browdy applied, White did not consider him qualified for the job and therefore did not include him on her short list.[1] *Id*. Browdy was notified in June 2017 that he had not been selected for the RLT manager position. *Id*.

The next month, Browdy filed a claim with the Equal Employment Opportunity Commission (EEOC), alleging he was denied a promotion to RLT manager and "subsequently demoted" because of his race. *Id*. at 4. The EEOC issued a "Notice of Right to Sue" three months later. (Doc. 11 at 2).

Browdy thereafter initiated the instant action (Doc. 1), asserting in his operative complaint that he was demoted to RLT member and later denied a promotion to RLT manager because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (Title VII) (Doc. 11).

---

[1] It is undisputed in this regard that White was unaware of Browdy's race when she omitted him from the short list. *Id.*

In March 2019, following the completion of discovery, Synovos moved for summary judgment with respect to both Browdy's demotion and failure-to-promote claims. (Doc. 29). In support of that motion, Synovos argued that Brody had failed to: (1) exhaust his administrative remedies regarding his demotion claim; and (2) establish a *prima facie* case of race discrimination as to his failure-to-promote claim. *Id*. The Court granted Synovos summary judgment on both claims in June 2019 and entered judgment in its favor. (Doc. 39). The instant motion for costs followed. (Doc. 41).

II.

Rule 54 of the Federal Rules of Civil Procedure provides that a prevailing party may recover its costs, not inclusive of attorneys' fees. Fed. R. Civ. P. 54(d)(1). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d)." *Haughton v. SunTrust Bank, Inc.*, 403 F. App'x 458, 459 (11th Cir. 2010) (quoting *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).

Generally, a district court may not award costs to a prevailing party under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). Section 1920 authorizes the recovery of the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the

case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court appointed experts and interpreter services.   28 U.S.C. § 1920(1)-(6).

On appeal, "a district court's decision about whether to award costs to the prevailing party [is reviewed] for [an] abuse of discretion."  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citation omitted).

Here, Synovos submits that it is the prevailing party and moves for costs totaling $2,062.35.  Those costs consist of: (a) $1,626.95 for "costs incident" to Browdy's deposition; (b) $35.40 for the costs of making copies; and (c) $400 for mediation.  (Docs. 41, 42).  In support of its motion for costs, Synovos submits various invoices and documentation, as well as an attestation from counsel that the requested costs were necessary to the defense of the case.  *Id*.

Browdy responds by lodging a blanket objection to Synovos's motion, arguing that an award of costs here is unwarranted because "the issues presented in this case were difficult and close."  (Doc. 43).  Browdy asserts in particular that he submitted "valid and conclusive evidence" that White was not the individual responsible for Synovos's decision to disqualify him for the RLT manager promotion.  *Id.*

Browdy's argument is unavailing.  As an initial matter, it pertains solely to his failure-to-promote claim and has no bearing on his demotion claim.  Putting that threshold deficiency aside, the "valid and conclusive evidence" he cites consists chiefly of one email from July 2017 between White and another Synovos employee, in which the two discussed Browdy's candidacy for the promotion.  *Id.*; (Doc. 33-18).  Browdy relied on this same email at the summary judgment stage in an effort to raise a genuine

issue of fact with respect to White's role in disqualifying him from further consideration for the RLT manager position. (Doc. 39 at 8-9). In granting Synovos's summary judgment motion, the Court summarily rejected Browdy's reliance on this email, finding the proffered interpretation of the email to be "facially inaccurate" and, at worst, a "blatant mischaracterization." *Id.*

In light of this finding, Browdy's attempt to show that his failure-to-promote claim presented a close or challenging question based on the July 2017 email fails. *Cf. Friends of Everglades v. South Florida Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1167-68 (S.D. Fla. 2011) (deeming case close and difficult where it involved novel and complex issues of fact and law that presented a question of first impression for the Eleventh Circuit and culminated in a two-month trial); *Zia v. Medical Staffing Network, Inc.*, 336 F. Supp. 2d 1306, 1310 (S.D. Fla. 2004) (denying motion for costs where motion to remand securities class action presented close legal question that required court to delve into legislative history of relevant statute, interpret recent Eleventh Circuit pronouncements, and apply multi-pronged test to assess whether removal was proper).

Turning to Browdy's demotion claim, he offers no argument that the Court's resolution of this claim involved a close or difficult question. As a result, he has waived any such argument. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (citation omitted) (noting that an argument was waived because the claimant did not elaborate on the claim or provide citation to authority); *Flanigan's Enter., Inc. of Ga. v. Fulton Cty, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (finding party's failure to elaborate on or provide authority supporting the claim amounts to

5

waiver on that issue) (citations omitted), *superseded by statute on other grounds as noted in Buehrle v. City of Key West*, 813 F.3d 973, 980 n.3 (11th Cir. 2015). Even were that not the case, the Court's summary judgment Order disposing of Browdy's demotion claim (Doc. 39 at 4-6) evidences that the claim did not present a close or challenging issue.

In sum, I find that Synovos is entitled to costs under Rule 54. I therefore turn to the specific costs it seeks.

III.

*A. Deposition Costs*

As noted, the first category of costs for which Synovos requests reimbursement is those "incident" to Browdy's deposition. (Doc. 41 at 2). These costs consist of $1,226.95 for the deposition transcript, as well as $400 for the court reporter's appearance. (Doc. 42 at 3-4). Section 1920 allows for an award of such costs as long as they were necessarily obtained for use in the case. 28 U.S.C. § 1920(2); *see also U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).

Here, Synovos's counsel attests that Browdy's deposition testimony was necessary to Synovos's defense because it relied on that testimony in support of its summary judgment motion. (Doc. 41 at 2). Browdy makes no argument to the contrary.

Based on the record before me, including the above representation of counsel and the fact that the Court cited Browdy's deposition testimony in resolving Synovos's summary judgment motion (Doc. 39 at 2-3), I find that the costs Synovos incurred to obtain Browdy's deposition transcript and to secure the services of the court reporter

were necessary and reasonable.  Accordingly, I recommend that these costs be taxed. *See, e.g., Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1572 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir 1993) (taxing deposition costs where prevailing party relied on deposition testimony in its summary judgment motion and the court considered that evidence in deciding the motion).

### B. Copying Costs

The second category of costs for which Synovos seeks taxation relates to copies. In particular, Synovos asks the Court to award it $35.40 for the cost of photocopying, at the rate of ten cents per page: (1) exhibits for the parties and the court reporter to use at Browdy's deposition, and (2) exhibits for Synovos's summary judgment motion. (Doc. 42 at 5).  Again, Browdy does not challenge these specific costs.

Similar to deposition costs, copying costs are authorized under section 1920 as long as they were "necessarily obtained for use in the case."  28 U.S.C. § 1920(4). The costs covered by this provision include those incurred in copying discovery, pleadings, correspondence, exhibits, and documents provided to opposing counsel and the court.  *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *declined to follow on other grounds*, *W&O, Inc.*, 213 F.3d at 624.  The party seeking such costs must describe them sufficiently to permit a determination of which photocopies were necessarily obtained for use in this case.  *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340-41 (M.D. Fla. 2002) (citation omitted) (rejecting request for reimbursement of copying costs in its entirety where prevailing party failed to describe nature or purpose of photocopying); *Monelus v. Tocodrian, Inc.*,

609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) ("The party moving for taxation of [copying] costs must present evidence regarding the documents copied including their use or intended use.") (internal quotation marks and citations omitted).

Here, Synovos has adequately explained the necessity of the above-referenced copies (Doc. 42 at 5), and the per page rate it employs is reasonable. *Smith v. Conner*, 2014 WL 1652419, at *2 (M.D. Fla. Apr. 23, 2014) (collecting cases endorsing as reasonable a copying rate of ten to twenty cents per page). As such, I recommend that these costs also be taxed. *See, e.g., WrestleReunion, LLC v. Live Nation Television Holdings, Inc.*, 2010 WL 11508234, at *2 (M.D. Fla. Feb. 10, 2010) (awarding unobjected-to costs for obtaining copies of deposition exhibits pursuant to section 1920(4)).

### C. Mediation Costs

The final category of costs Synovos seeks pertains to mediation. (Doc. 42 at 1, 6-7). This request is without merit. It is "well settled" in this District "that costs associated with mediation, even court-ordered mediation, are not recoverable under section 1920." *Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC*, 2013 WL 6145533, at *6 (M.D. Fla. Nov. 21, 2013); *see also See Williams v. H. Lee Moffitt Cancer Center and Research Institute, Inc.*, 2011 WL 2160550, at *1 (M.D. Fla. June 1, 2011) (concluding that mediation costs are not taxable under section 1920 and collecting cases); *Rivera Santiago v. Wm. G. Roe & Sons, Inc.*, 2010 WL 2985695, at *2 (M.D. Fla. July 28, 2010) ("[E]ven if taxable as a matter of discretion, this court generally does not tax mediation expenses, reasoning that those expenses should be shared equally by the parties to

promote good faith mediation without financial concerns for the costs of resolving a case."). As a result, I recommend that Synovos's request for the taxation of these costs be denied.

IV.

For the reasons set forth above, I recommend that the *Verified Motion of Defendant to Tax Costs* (Doc. 41) be granted in part and denied in part, and that the Court award Synovos costs in the total amount of $1,662.35.

Respectfully submitted this 19th day of November 2019.

*(signature)*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Elizabeth A. Kovachevich, United States District Judge
Counsel of record